

```
_____
ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARRISON FOREST PROPERTIES, LLC, | ) | Case No. 09-10037-RAG |
| | ) | (Chapter 11) |
| Debtor. | ) | |

**ORDER WITH CONSENT OF SECOND SECURED LENDER APPROVING
(1) AUCTION SALE OF 101 MEADOW ROAD, OWINGS MILLS, MARYLAND, FREE
AND CLEAR OF ENCUMBRANCES, LIENS AND INTERESTS AND
(2) DISTRIBUTION OF PROCEEDS**

On consideration of the Motion To Approve Auction Sale Of 101 Meadow Road, Owings Mills, Maryland, Free And Clear Of Liens And Encumbrances Pursuant To 11 U.S.C. § 363(b) & (f) (the "Motion") filed by Garrison Forest Properties, LLC (the "Debtor"), the opposition to the Motion filed by Emigrant Mortgage Company, Inc., and the evidence presented at the hearing on the Motion on February 20, 2009, and the Court making the following findings of fact based on the representations made in the Motion and the evidence presented at the hearing:

    A.    The Debtor has provided proper notice of the Motion in accordance with Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2002-1 and 6004-1.

    B.    The terms and conditions of the public auction sale as set forth in the Motion and

the testimony of Daniel M. Billig at the hearing are fair and commercially reasonable.

C.  The sale of 1.1 acres of real property located at 101 Meadow Road, Owings Mills, Maryland 21117 ("Property"), as defined in the Motion, at public auction is a reasonable and acceptable method to obtain the highest and best offer for the Property.

D.  Except as otherwise set forth explicitly herein, the Debtor may sell the Property free and clear of all liens, encumbrances, claims, demands, rights, interests, debts, commitments whether absolute or contingent, matured or unmatured, accrued or unaccrued, asserted or unasserted, known or unknown, including, without limitations, any claim predicated upon any theory of successor liability or any similar theory (collectively, the "Liens and Claims"), regardless of how or when any such lien or claim may have arisen because either:

(i)  applicable non-bankruptcy law permits such sale;

(ii)  bankruptcy law permits such sale;

(iii)  each applicable creditor consents to the sale as proposed in the Motion;

(iv)  the aggregate value to be received in consideration of the sale of the Property being sold exceeds the value of any liens on such Property; or

(v)  applicable creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such liens and/or claims.

E.  The sale of the Property is in the best interest of the Debtor, its creditors, and the bankruptcy estate.

NOW, THEREFORE, based on the findings of facts as set forth above and the pleadings and proceedings of record in this case, the Court makes the following conclusions of law:

  A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C §§ 1334, 28 U.S.C § 157(b)(2)(A), (N) and (O), and 11 U.S.C § 105 and 363.

  B. No further notice of the Motion or entry of this order is necessary.

  C. The notice of the Motion was timely served upon all creditors and other parties in interest upon whom service was required, and the notice satisfies the provisions of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 6004-1, and any other requirements of due process.

  D. The notice of the Motion adequately disclosed the consequences of the sale for such creditors and other parties in interest.

  E. All of the transactions contemplated by the Motion are properly authorized under Sections 105 and 363 of the Bankruptcy Code.

  NOW, THEREFORE, based on the findings of fact and conclusions of law set forth above and the pleadings and proceedings of record in this case IT IS HEREBY ORDERED:

  1. The Motion is granted. The Court hereby approves the auction sale by the Debtor of the Property in accordance with the Motion. Such sale is authorized under Sections 105(a) and 363(b) of the Bankruptcy Code. The auction sale shall be conducted in a commercially reasonable manner.

  2. The findings of fact and conclusions of law set forth above shall constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. To the extent any finding of fact later shall be determined to be in conclusion of law, or a conclusion of law shall be determined to be a finding of fact, such shall

be so deemed.

       3.      Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Property shall be sold free and clear of all liens, encumbrances, interests, liabilities and claims, including but not limited to the following: (a) any lien for real property taxes; (b) the lien of the deed of trust given to Emigrant Mortgage Company, Inc., or its successors in interest; (c) the lien of the indemnity deed of trust given to Margaret D. Keller, or her successors in interest; (d) all judgment liens. However, nothing contained in this order shall be deemed to be an acknowledgement, determination or consent as to the amount, extent or allowances of any claim, or the validity, force, effect, extent, or priority of any lien. Emigrant Mortgage Company, Inc. shall have the right to credit bid at the auction sale in accordance with 11 U.S.C. § 363(k).

       4.      Except as set forth above, all persons holding claims and or liens with respect to the Property shall be, and they hereby are, forever barred from asserting such claims and liens against a purchaser or the Property.

       5.      The Debtor is authorized to execute and deliver such other documents, take and perform such other acts, and do such other things that may be necessary or desirable to effect the auction sale set forth in the Motion.

       6.      Each and every federal, state and local agency, department, or governmental authority, will be and hereby is, directed to accept this order as binding authority and no further approval, consent, license and the like of any federal, state or local agency, department or governmental authority is required to effectuate, consummate and implement the sale approved hereby.

7. The proceeds from the sale of the Property shall be disbursed at the closing on the sale of the Property as follows:

   a. first to the payment of transfer taxes, recordation fees and other normal and customary closing costs;

   b. next, to payment of the auctioneer's commission in the amount of 5 percent and reimbursement of advertising costs (not to exceed $5,000.00);

   c. next, to payment of the estate's proportionate share of real property taxes, water/ sewage charges and ground rent due (if any) as of the date of closing;

   d. thereafter, to payment of the principal and interest and other allowable charges and amounts due to any person whose interest or claim is secured by a non-avoidable, non-subordinated, valid and perfected interest or lien encumbering the Property in the order of their priority until the debts secured by the liens are fully satisfied or the sale proceeds are exhausted.

Any remaining proceeds shall be the property of the Debtor's bankruptcy estate.

If the amount of any disbursement is disputed, funds necessary to pay the amount claimed by the creditor shall be held in escrow by the settlement agent pending a determination by this Court of the proper amount.

8. Nothing herein shall relieve the purchaser of obligations to comply with applicable statutes and regulations in the future, including but not limited to obtaining any required permits for the use of the Property.

5

CONSENT TO FORM ONLY:

*/s/ Diana C. Theologou by JCO w/consent* .
Diana C. Theologou (14284)
Friedman & MacFadyen, P.A.
210 East Redwood Street
Suite 400
Baltimore, MD 21202
(410) 685-1763 X 154
Attorneys for Emigrant Mortgage Company, Inc.

CONSENT TO FORM AND SUBSTANCE:

 */s/ Margaret D. Keller*                .
Margaret D. Keller
28711 Springfield Drive
Easton, MD  21601
(410) 745-2237

  I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

*/s/ James C. Olson*
James C. Olson

Cc:

Emigrant Mortgage Company, Inc.
5 East 42nd Street
New York, NY 10017
Attn: Chief Financial Officer

Friedman & MacFadyen, P.A.
210 East Redwood Street
Suite 400
Baltimore, MD 21202

Margaret D. Keller
28711 Springfield Drive
Easton, MD  21601

All parties receiving electronic notification

**END OF ORDER**